**IT IS ORDERED**

**Date Entered on Docket: October 5, 2017**

_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO (Albuquerque)

In re:

DONNA MARIE SANCHEZ             Case No. 13-16-10531-JA
*aka* Donna Marie Maes

       Debtor.

**DEFAULT ORDER GRANTING DITECH FINANCIAL LLC RELIEF FROM
AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO DITECH
FINANCIAL LLC LOCATED AT CR 0067 HOUSE 36 DIXON, NEW MEXICO 87527**

      This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Ditech Financial LLC, filed on August 24, 2017, (DOC 46) (the "Motion") by Ditech Financial LLC ("Ditech"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

      (a)     On August 24, 2017, Ditech served the Motion and a notice of the Motion (the "Notice") on Mark Daniel John Regazzi, Attorney for Debtor and Kelley L. Skehen, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the

Debtor Donna Marie Sanchez, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at CR 0067 House 36 Dixon, New Mexico 87527, more fully described as a 28x44 Champion Homes mobile home, year 2000, VIN No. 12331622AB

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on September 18, 2017;

(f) As of September 20, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Ditech certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Ditech and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-

bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

    (b)  To exercise any other right or remedy available to it under law or equity with respect to the Property.

  2.  The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Ditech need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

  3.  The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

  4.  This Order does not waive Ditech's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Ditech may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

  5.  This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

  6.  This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7972-922-B 5922707.docx mdb  3

Case 16-10531-j13  Doc 48  Filed 10/05/17  Entered 10/05/17 17:03:56  Page 3 of 5

7. Ditech is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: /s/Andrew P. Yarrington
ANDREW YARRINGTON
Attorney for Ditech
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Donna Marie Sanchez
Debtor
PO Box 213 House 36
Dixon, NM 87527

Mark Daniel John Regazzi
Regazzi Law, LLC
2501 Yale Blvd SE
Suite 204
Albuquerque, NM 87106
5052651000
Fax : 8772421841
Email: mark@regazzilaw.com

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111
Telephone: (505) 243-1335
orders@ch13nm.com